IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

*******************************************

SOPHIA LAMONT, AS ADMINISTRATOR
WITH LIMITED LETTERS OF THE
ESTATE OF FRANK P. LAMONT, JR.

      Plaintiff,

VS.

UNITED STATES OF AMERICA, LEROY
HISTORICAL SOCIETY, THE SAFETY AND
ACCESS CO., INC., AND IKECO, INC.,

      Defendants.
*******************************************

## INTRODUCTION

1. On October 22, 2010, Frank P. LaMont, Jr., a veteran and resident at the Canandaigua Veterans Affairs Medical Center (VAMC), went on an outing to the Jell-O Factory Museum in LeRoy, New York.  While under the care and supervision of employees of the VAMC, LaMont rode his motorized VAMC scooter into an elevator at the museum.  The back door of the elevator was not secured, and it opened when LaMont's scooter was propelled against it.  There was no landing at the far side of the elevator.  LaMont tumbled out of the elevator, fell approximately three feet, and landed headfirst onto the concrete below with his scooter on top of him, fracturing his skull and breaking his neck (among other injuries).  Later that day, LaMont died of his injuries.

2. This is an action to recover damages for the pain and suffering, and ultimately death, endured by LaMont as a result of the defendants' negligence and the defective design and maintenance of the elevator and associated landings and safety facilities.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims alleged herein pursuant to, *inter alia*, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2671, *et seq.*, and the supplemental jurisdiction statute, 28 U.S.C. §1367.

4. Venue in this district is proper pursuant to, *inter alia*, 28 U.S.C. §§ 1391(b)(2) and 1402(b).

## THE PARTIES

5. Plaintiff, Administrator Sophia Lamont, is a resident of the County of Monroe, State of New York. On May 12, 2011, a *Decree Granting Limited Administration* of the Estate of Frank Paul LaMont, Jr., was entered by the Surrogate's Court for the State of New York, County of Monroe.

6. The VAMC is a component of the Department of Veterans Affairs, an agency of the defendant the United States of America.

7. Upon information and belief, at all relevant times, the defendant LeRoy Historical Society, is and was a non-profit organization in the County of Genesee, State of New York, with a principal place of business located at 23 East Main Street, LeRoy, New York, 14482.

8. Upon information and belief, at all relevant times, the defendant The Safety & Access Company, Inc., is and was a domestic corporation authorized to do business within the

       State of New York with a principal place of business at 259 Winona Boulevard, Rochester, New York 14617.

9. Upon information and belief, at all relevant times, the defendant IKECO, Inc., is and was a domestic corporation authorized to do business within the State of New York with a principal place of business at 14 Lafayette Square, Suite 1440, Buffalo, New York 14203.

## FEDERAL TORT CLAIMS ACT PREREQUISITES

10. At all relevant times, all persons involved in and/or responsible for supervising, attending to and providing care for the decedent, Frank P. LaMont, Jr., were employees of the United States government within the meaning of the Federal Tort Claims Act, and acting within the scope of such employment.

11. On May 31, 2011, Plaintiff administratively presented to the Department of Veterans Affairs a claim for money damages in a sum certain in accordance with Federal Tort Claims Act, 28 U.S.C. § 2672. On February 16, 2012, the Department of Veterans Affairs denied the claim. The Claim (without exhibits) and Denial are attached hereto as Exhibits A and B, respectively.

## FACTS

12. LaMont was a veteran of United States Marine Corps, and served several tours of duty.

13. On or about August 20, 2010, at age 81, LaMont came under the care of the VAMC as an inpatient hospice client with end stage renal disease when his family could no longer provide the care he required. Although he was approaching the end of his life, he was comfortable, remained fairly mobile, and valued and appreciated the remaining months that he believed he had left.

14. At VAMC, on or about September 7, 2010, LaMont was evaluated to determine whether he was capable of safely operating a motorized scooter. Employees of VAMC concluded that he was able to safely operate a scooter, and supplied one for him to use.

15. On October 20, 2010, a medical practitioner at VAMC opined that LaMont "was as independent as he can possibly be. [He] launders his own clothes and is out and about on the unit ad-lib. [He] is an early riser and gets up early and gets a shower and dresses, he never complains about anything."

16. On October 22, 2010, LaMont received recreational therapy in the form of an outing under the care and supervision of VAMC employee to the Jell-O Factory Museum, located at 23 East Main Street, LeRoy, New York.

17. At the museum, LaMont attempted to maneuver his motorized scooter into an elevator lift (the "Lift") located at the Jell-O Factory Museum. The back door of the Lift was not properly secured, and LaMont was propelled on his scooter through the Lift and out the back door. There was no landing or other safety facilities on the far side of the Lift. LaMont plunged head-first onto the concrete slab, approximately three feet below, sustaining severe head and neck injuries.

18. The decedent was alive at the time the paramedics arrived, but died later in the hospital after the withdrawal of life support.

19. Upon information and belief, at all relevant times, defendant LeRoy Historical Society was the record owner of 23 East Main Street, LeRoy, New York (the "Premises"), including the Lift.

20. Upon information and belief, at all relevant times, defendant LeRoy Historical Society contracted with defendant IKECO, for the purchase and installation of the Lift. On

further information and belief, such lift was purchased from and installed by defendant IKECO on or around July 26, 2007.

21. On information and belief, the Lift was serviced by defendant The Safety & Access Co., Inc., less than one month before the accident at issue, and possibly at other times.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT UNITED STATES OF AMERICA

22. Plaintiff repeats and realleges each and every allegation in paragraphs 1-21 above as if they are fully set forth herein.

23. Defendant United States of America was negligent through its employees at the VAMC in one or more of the following respects:

   a. Failing to adequately supervise, assist and/or monitor LaMont during the outing;

   b. Failing to ensure the safety of LaMont entrusted to the care of the defendant, including by failing to check the operability and safety of the Lift; and

   c. Failing to make an appropriate evaluation regarding LaMont's ability to use the motorized scooter on the day of the accident, and/or his ability to safely go on the outing.

24. Such negligence by employees of the Government proximately caused serious physical injuries to LaMont, including a fractured skull and broken neck, among other serious injuries.

25. LaMont experienced terrible pain and suffering, and ultimately, died as a result of the Government's negligence.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT THE LEROY HISTORICAL SOCIETY

26. Plaintiff repeats and realleges each and every allegation in paragraphs 1-25 above, as if they are fully set forth herein.

27. The Lift constituted a dangerous condition at the Premises in that the back door of the Lift was not adequately secured, and could be opened by a passenger entering the Lift while the lift was elevated approximately three feet above a landing surface.

28. The defendant LeRoy Historical Society knew that disabled guests at the Premises would utilize the Lift in wheelchairs and motorized scooters, and invited them to do so.

29. On information and belief, the defendant LeRoy Historical Society created the dangerous condition on the Premises by improperly designing the Lift and its associated landings, and by improperly maintaining the Lift.

30. Defendant LeRoy Historical Society had actual and/or constructive notice of the dangerous condition that the Lift and associated landing areas presented.  The defendant created the dangerous condition, and/or knew, and/or should have known of the dangerous condition, but failed to remedy it.

31. In addition to ordinary negligence, the unsafe condition at the Premises constituted one or more violations of the Americans with Disabilities Act.

32. Such negligence by the defendant LeRoy Historical Society proximately caused serious physical injuries to LaMont, including terrible pain and suffering, and ultimately death.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT THE SAFETY AND ACCESS CO., INC.

33. Plaintiff repeats and realleges each and every allegation in paragraphs 1-32 above, as if they are fully set forth herein.

34. On information and belief, the defendant The Safety and Access Co., Inc. performed routine and other maintenance on the Lift from time to time, including less than one month before the date of decedent's death.

35. The defendant The Safety and Access Co., Inc., performed such maintenance in a negligent manner thereby causing the Lift to be unsafe and dangerous and/or by negligently failing to notice that the Lift was unsafe and dangerous and failing to take any corrective action.

36. Such negligence by the defendant The Safety and Access Co., Inc., proximately caused serious physical injuries to LaMont, including terrible pain and suffering, and ultimately death.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS IKECO, INC.

37. Plaintiff repeats and realleges each and every allegation in paragraphs 1-36 above, as if they are fully set forth herein.

38. Upon information and belief, defendant IKECO, INC. (hereinafter "IKECO") placed the Lift on the market or otherwise into the stream of commerce, supplied the Lift to the LeRoy Historical Society and installed the Lift at the Premises.

39. Upon information and belief, the incident and resultant injuries and death were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of defendants IKECO by their agents, servants, predecessors and/or employees in the design and/or assembly of the Lift, and among other things, such negligence was exhibited in defendants' failure and omission to properly, sufficiently and adequately test and inspect the Lift; defendants' failure and omission to adequately, properly and sufficiently design and assemble the Lift for safe operation and use; defendant's failure and omission to

|   |   |
|---|---|
|   | exercise due care in the design and assembly of the Lift so as to avoid any unreasonable risk of harm to anyone likely to be exposed to the danger in any foreseeable use, both intended and unintended; defendant's failure and omission to properly test for dangers and eliminate such dangers incident to the use of the Lift and defendant's failure to adequately warn the decedent and others of the dangers and risks incident to the use of the Lift. |
| 40. | As a result of the negligence by defendant IKECO, LaMont sustained serious physical injuries, including terrible pain and suffering, and ultimately death. |

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS IKECO, INC.

41. Plaintiff repeats and realleges each and every allegation in paragraphs 1-40 above, as if they are fully set forth herein.

42. Upon information and belief, defendant IKECO assembled, installed and/or otherwise placed on the Lift on the market.

43. Upon information and belief, the Lift was defectively manufactured, designed and/or assembled and was in a defective and hazardous condition when the defendant IKECO assembled, installed and/or placed the Lift on the market.

44. As a result of the defective and hazardous conditions of the Lift, LaMont was injured in the manner alleged herein, and the plaintiff claims damages against the defendant IKECO under the doctrine of strict products liability.

45. As a result of the foregoing, the plaintiff has been damaged by the defendants as described above.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANT IKECO, INC.

46. Plaintiff repeats and realleges each and every allegation in paragraphs 1-45 above, as if they are fully set forth herein.

47. Upon information and belief, upon the sale and/or distribution of the Lift, the defendant IKECO expressly warranted that the Lift was of safe, merchantable quality, free from defects and fit for the use intended.

48. The defendant IKECO breached these warranties by providing a product that was unsafe, not of merchantable quality, defective and inherently dangerous and unfit for the use intended; and these breaches were a proximate cause of the injuries sustained by LaMont, as alleged herein.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT IKECO, INC.

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph 1 – 48 above, as if they are fully set forth herein.

50. Upon information and belief, on or about July 26, 2007, defendant, LeRoy Historical Society purchased the Lift from defendant IKECO and/or its agents, servants and/or employees.

51. Upon information and belief, at all times herein mentioned, the defendant by its agents, servants and/or employees designed, assembled, sold, distributed and/or placed on the market the Lift knowing that the Lift would be operated by persons in wheelchairs or motorized scooters.

52.   Upon information and belief, upon the sale and/or distribution of the Lift, the defendant IKECO impliedly warranted that the Lift was of safe, merchantable quality, free from defects and fit for the use intended.

53.   The defendant IKECO breached these warranties by providing a product that was unsafe, not of merchantable quality, defective and inherently dangerous and unfit for the use intended and these breaches were a proximate cause of the injuries sustained by LaMont, as alleged herein.

WHEREFORE, plaintiff demands judgment against the defendants UNITED STATES OF AMERICA, LEROY HISTORICAL SOCIETY, THE SAFETY AND ACCESS CO., INC., and IKECO, INC., for damages in an amount to be determined at trial, including for pain and suffering, medical expenses and funeral expenses, together with the costs and disbursements of this action, and such other relief as the Court deems just and proper.

DATED:   March 12, 2012
         Rochester, New York

By:   s/ Deborah M. Field
_____
MORRIS & MORRIS, Attorneys
Deborah M. Field, Esq.
James E. Morris, Esq.
Attorneys for Plaintiff
120 Corporate Woods, Suite 240
Rochester, New York 14623
(585) 292-5750