**EXHIBIT A**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.)* *(Number, street, city, State and Zip Code)* |
|---|---|
| Department of Veterans Affairs<br>Office of Regional Counsel<br>120 LeBrun Road<br>Buffalo, New York 14215 | Sophia Lamont, Administrator of the Estate of Frank P. Lamont, Jr.<br>21 Averill Avenue, Rochester, NY 14620<br>Attorney: Deborah M. Field<br>120 Corporate Woods, Ste 240, Rochester, NY 14623 |

| 3. TYPE OF EMPLOYMENT [X] MILITARY [ ] CIVILIAN | 4. DATE OF BIRTH 10/11/1928 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT 10/22/2010 - Friday | 7. TIME *(A.M. or P.M.)* approx. 2:13 P.M. |
|---|---|---|---|---|

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See Attached Sheet.
Note: Police report is attached with included autopsy report.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The bases for the claim are the injuries and untimely death of Frank Paul Lamont, Jr. Injuries include: fear of imminent death; blunt force injuries of head and neck including abrasions, lacerations and contusions of head; skull fractures; fracture of proximal cervical vertebral column with soft tissue hemorrhage; subarachnoid hemorrhage at tip of olefactory bulb; other abrasions and contusions about the body; cardiac arrest and death. Pain and suffering is a major component of this claim. Ambulance records and hospital records are attached.

**11. WITNESSES**

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| James E. Delooze<br>Lynn Joyce Belluscio<br>Deanna Fagan (?) | 6 Bradnell Ave, Leroy, NY 14482<br>23 E. Main Street, LeRoy, NY 14482(work?)<br>VAMC (work) |

**12.** *(See instructions on reverse)* **AMOUNT OF CLAIM** *(In dollars)*

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
|---|---|---|---|
| | 500,000.00 | | 500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory 585-292-5750, 12 | 14. DATE OF CLAIM 5/26/2011 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☐ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☐ No

SF 95 (Rev. 7-85) BACK

**Claim of Sophia Lamont, Administrator for Estate of Frank P. Lamont, Jr.**

**8.      Basis for Claim.**

Frank Lamont, Jr. was on a field trip to the Jell-O Factory Museum while a patient in the hospice program at the VAMC Canandaigua.  While on the field trip, his motorized scooter accelerated through the back door of an exterior, handicap lift that he was attempting to use.  He plunged several feet to the concrete below, landed head first and his scooter landed on top him.  He landed on the ground (head first) with his scooter on top of him.  He was transported to the hospital where he later died of his injuries.  According to the Medical Examiner, the primary cause of death was blunt force injuries of the head and neck.  Deanna Fagan of the VA is reported to have been present.  The injuries occurred at 23 Main Street, LeRoy, New York.  The attached report provides further detail and names and statements of witnesses.  No VA personnel are identified in the police report.

The VA was negligent, and its negligence caused Mr. Lamont's injuries (and therefore pain and suffering) and untimely death.  This kind of accident is not the type that normally occurs in the absence of negligence.  In addition, negligence in this case may include the following: the VA's failure to ensure Mr. Lamont's safety when Mr. Lamont had been entrusted to its care; the failure to adequately supervise, assist and monitor Mr. Lamont; the failure to make an appropriate determination as to the safety of this particular field trip for VAMC hospice patients, including Mr. Lamont in particular; the failure to make an appropriate and safe determination as to Mr. Lamont's independent use of motorized scooter; and the failure to adequately and appropriately staff the field trip.